UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM OLIVER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:13CV01478 ERW |
| ZIMMER, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel [ECF No. 28].

In July 2013, Plaintiff William Oliver filed suit in this Court against Defendants Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer Orthopaedic Surgical Products, Inc., using a "Short Form Complaint" based on the "Master Long Form Complaint" from the "Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272" [ECF No. 1]. Subsequently, the case was transferred to the Northern District of Illinois for purposes of Multidistrict Litigation ("MDL") [ECF No. 8], but the case was remanded back to this Court in October 2014 [ECF No. 11].

On February 9, 2015, Defendants filed their Motion for a More Definite Statement [ECF No. 18], because Plaintiff had not amended his Complaint upon remand from the MDL. Specifically, Defendants ask the Court to "order Plaintiff to file a more definite statement identifying the Zimmer device(s) Plaintiff contends injured him and the nature of his alleged injuries" [ECF No. 19 at 5]. On February 23, the Court ordered Plaintiff to file a response to Defendants' Motion "no later than March 5, 2015" [ECF No. 20]. Although Plaintiff

subsequently filed electronic copies of some medical records [ECF Nos. 21, 22], he failed to truly respond to Defendants' Motion. On March 10, the Court took note of this failure and ordered Plaintiff to file a response "no later than March 20, 2015" [ECF No. 24]. Again, Plaintiff failed to comply, and on April 8, the Court noted this failure and ordered Plaintiff to "Show Cause, no later than April 17, 2015, why this action should not be dismissed for failure to prosecute" [ECF No. 27]. On April 17, Plaintiff filed a short, handwritten "Motion" [ECF No. 28]. Although the handwriting is partially illegible and difficult to decipher, the Motion appears to: (1) ask the Court to appoint a lawyer for Plaintiff; and (2) provide various "reasons" for the filing of his lawsuit.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (internal citation omitted). However, where an indigent person has pleaded a non-frivolous cause of action, a court "may" appoint counsel. *Id.*; 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Thus, "[t]he decision to appoint counsel in civil cases is committed to the discretion of the district court." *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) (internal citation omitted). Once the indigent person has made a prima facie claim, "further inquiry should be made as to need." *Id.* at 1043 (citing *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

Here, however, Plaintiff fails to clear the first hurdle, which is to prove he is unable to afford counsel. Plaintiff's Motion does not include an affidavit stating particular facts as to his

alleged status indigent.  *See U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) ("When a claim of poverty is made under section 1915 it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal citation and quotations omitted).  Plaintiff has not shown he has a clear right to appointed counsel.  Therefore, the Court will deny Plaintiff's Motion.

Further, Plaintiff's handwritten filing does not constitute a sufficient response to this Court's previous Orders.  Therefore, the Court orders Plaintiff to file, no later than May 20, 2015, a Response to the pending Motion for a More Definite Statement.  If Plaintiff fails to do so, the case will be dismissed.  Any further filings from Plaintiff must be composed in such a form that the Court can better understand Plaintiff's arguments and requests.  Further, if Plaintiff believes he is entitled to the appointment of counsel, he should properly explain how he is so entitled under the law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 28] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file, no later than May 20, 2015, a Response to the pending Motion for a More Definite Statement.

Dated this 28th Day of April, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE